## ADAM WILEY & another *vs.* BURRAGE YALE.

A party, who pays a greater rate of interest than is allowed by law, cannot recover back threefold the amount of the interest paid, by an action of trespass on the case, but only by an action of debt or a bill in chancery, as provided by the Rev. Sts. *c.* 35, § 3.

The provision in the Rev. Sts. *c.* 118, § 42, that " when any pecuniary forfeiture or fine is made recoverable by bill, plaint or information, it may nevertheless be sued for and recovered by an action of debt or an action of trespass on the case," relates only to forfeitures and fines to be prosecuted for in forms adapted to criminal proceedings, where the suit is brought by the Commonwealth, or by a common informer.

Where a plaintiff, in an action of trespass on the case, obtained a verdict for threefold the amount of interest taken of him by the defendant, on a usurious transaction, and the action was continued, on the defendant's motion for a new trial, until two years had elapsed after the cause of action accrued, and judgment was then arrested, on the defendant's motion, on the ground that the plaintiff should have brought an action of debt — the court refused to grant the plaintiff leave to amend by changing the form of his action, under the provisions of *St.* 1836, *c.* 273, § 3.

SHAW, C. J.   This was an action of trespass on the case, to recover back threefold the amount of usurious interest alleged to have been paid by the plaintiffs to the defendant.   The Rev. Sts. *c.* 35, § 5, provide, that " whenever a greater rate of interest, than is allowed by law, shall have been paid, the party paying the same may recover back threefold the amount of the whole interest paid, either by an action of debt or by a bill in chancery ;

provided that such action or bill shall be prosecuted within two years from the time when the said interest shall have been paid."

· The present action has been tried and a verdict returned for the plaintiffs. Several points were reserved upon a report; but preliminary to a discussion of these, the defendant moved in arrest of judgment, on the ground that as the revised statutes had given an action of debt or a bill in equity, this action of trespass on the case would not lie. And the court are of opinion that this action cannot be sustained.

When a statute gives a new right, and prescribes a particular remedy for its recovery, such remedy must be strictly pursued; though it is otherwise when a statute gives a right without prescribing the remedy. In the latter case, the common law affords the remedy, and any suitable form of action may be adopted. *Rex* v. *Robinson*, 2 Bur. 803. 2 Saund. Pl. & Ev. 829.

The plaintiffs supposed that the form of action, which they adopted in this case, might be maintained under the provision in the Rev. Sts. *c.* 118, § 42, that "when any pecuniary forfeiture or fine, imposed by law, is made recoverable by bill, plaint or information, it may nevertheless be sued for and recovered, in an action of debt, or an action of trespass on the case." But we think this provision relates to fines and forfeitures to be prosecuted for in the forms adapted to criminal proceedings, where the suit is to be brought by the Commonwealth, or by a common informer. See *Colburn* v. *Swett*, (*ante*, 235, 236.) The present being an action given to the party aggrieved only, is rather in the nature of a remedial suit; though by allowing a plaintiff to recover threefold the amount of the interest paid, the legislature intended to give an ample and liberal remedy to the party aggrieved, and at the same time, that the judgment should, in its character, be exemplary, and to a certain extent penal. *Lake* v. *Smith*, 1 New Rep. 178–180.

The plaintiff has moved for leave to amend, by changing the form of his action, under the authority given to the court by *St.* 1836, *c.* 273, § 3; and both parties have relied on the consideration that more than two years have elapsed since the interest, alleged to be usurious, was paid. The plaintiffs contend

that they ought not to be deprived of their remedy by a mere accident ; and the defendant insists that he ought not, at so late a stage of the proceeding, to be harassed with a new action of a harsh and penal character, and that it would be contrary to the policy, if not to the terms * of the Rev. Sts. *c.* 35, § 3, to al-low a new action of debt to be brought after two years.

Under all the circumstances of the case, the court think it not reasonable to grant the leave to amend.

*Judgment arrested, and motion to amend overruled*

*Buttrick,* for the plaintiff.

· *S. Hoar* and *L. Williams,* for the defendant.

* The defendant's counsel argued that the proviso in the statutes, that ' *such* action," viz. debt, " shall be prosecuted within two years," was a condition pre cedent, and that the court had no authority to grant the amendment.